UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM GENE MAHOOD,

Petitioner,

-vs-                                              Case No.  8:07-cv-1331-T-24MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

Respondent.
_____/

## ORDER

This cause is before the Court on William Gene Mahood's construed Rule 59(e)

motion for reconsideration of the denial of his petition as time-barred. (Doc. No. 5).

BACKGROUND

The Court summarily denied Mahood's petition for the writ of habeas corpus

pursuant to 28 U.S.C. § 2254 as time-barred, stating:

> Mahood's conviction and sentence was affirmed on direct appeal on
> October 12, 2001.  Pursuant to *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir.
> 2002), Mahood's conviction was final on direct appeal 90 days after October
> 12, 2001, when the period for filing a petition for writ of certiorari in the United
> States Supreme Court expired. That date was January 10, 2002,  and the
> AEDPA one-year limitations period began to run on January 11, 2002.
> Mahood had until January 11, 2003, to file a timely federal habeas corpus
> petition or a state collateral proceeding that would toll the running of the one-
> year period.  Mahood did neither. He did not file the Rule 3.850 motion for
> post-conviction relief until August 17, 2006. (Petition, Doc. No. 1 at page 3).
> The filing of the Rule 3.850 motion did not toll the running of the limitations
> period because the one-year period had already expired on January 11,
> 2003.  Therefore, the present federal petition, signed July 26, 2007, is time-
> barred.
>
> Mahood has not shown that any extraordinary circumstances require
> the tolling of the one-year period.

In his motion for reconsideration, construed as a Rule 59(e) motion, Mahood contends that he is entitled to equitable tolling until November 2005 and that he had a year from November 2005 to submit his Rule 3.850 motion in state court and/or his federal habeas corpus petition. He claims that, under 28 U.S.C. § 2244(d)(1)(C), the state created an impediment to his filing his collateral attack in state court and/or his federal petition because he was incarcerated out of state until November 2005 and did not have access to Florida legal materials in the prison law library.

Mahood's argument is not persuasive.  *See Getz v. Thomas*, 2006 WL 1418645 at *4 (M.D. Ala. May 23, 2006):

> ignorance of the law "is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir.1997); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Moreover, neither an alleged inadequate prison law library nor limited access thereto establishes extraordinary circumstances warranting an equitable tolling of the limitation period. *Felder v. Johnson*, 204 F.3d 168 (11 Cir.2000); *see also Marsh*, 223 F.3d at 1220.

In *Patterson v. McDonough*, 2007 WL 1577859 at *4-5 (N.D. Fla. May 31, 2007)(footnotes omitted), the Court stated:

> The one year period may begin from:

>> the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

> § 2244(d)(1)(B). But "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir.), *cert. denied* , 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). To show an impediment which would

trigger the later commencement date for the one year period, Petitioner must demonstrate both actual harm or injury- i.e., that he was actually prevented from exercising his right of access to courts to attack his sentence or conditions of confinement- and that the impediment was unconstitutional because not "reasonably related to legitimate penological interests ." 204 F.3d at 1090, *quoting Lewis v. Casey*, 518 U.S. 343, 361, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (other citations omitted).

. . . .

The question remains whether, after the period commenced upon Petitioner's conviction becoming final, the time should be equitably tolled for the periods when Petitioner had no access to a law library, or when he had no writing instruments. As Petitioner was advised in the show cause order quoted above, he has the difficult burden of showing both extraordinary circumstances and due diligence in order to be entitled to equitable tolling. Doc. 5, pp. 3-4 and cases cited. *See also Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir.2006) FN6 (repeating that a showing of extraordinary circumstances or diligence will not suffice, a prisoner must establish both) (citations omitted). Stated differently, "to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir.2002), *cert. denied*, 537 U.S. 1237, 123 S.Ct. 1364, 155 L.Ed.2d 205 (2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*, at 1286, *citing Helton v. Sec'y for the Dept. of Corrections*, 259 F.3d 1310, 1313-14 (11th Cir.2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) (other citation omitted).

. . . .

In determining extraordinary circumstances the court looks to the circumstances surrounding the late filing rather than the circumstances of the conviction, and to whether the conduct of others prevented Petitioner from timely filing his petition. *Arthur*, 452 F.3d at 1253 and n. 18 (collecting cases); *Helton*, 259 F.3d at 1314-15 (error to rely on underlying merits of the case to justify equitable tolling).

. . . .

It was not enough to say that the library "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Id., quoting Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998).

. . . .

Relying on *Helton*, the court in *Arthur* said that "[t]o show diligence, a petitioner claiming deficiencies in the prison library must provide details of the specific actions taken toward filing the petition." 452 F.3d at 1253 ( *citing Helton* ). Petitioner must show efforts to determine the limitations period and how the prison "thwarted his efforts." *Id., quoting Helton.*

Mahood has not provided details of the specific actions he took toward timely filing his petition; he has not shown what efforts he took to determine the limitations period; and he has not shown how the prison "thwarted his efforts."  Therefore, he has not shown that he exercised due diligence and has not demonstrated that he is entitled to equitable tolling.

Accordingly, the Court orders:

That Mahood's construed Rule 59(e) motion reconsideration (Doc. No. 5) is denied.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal the denial of the Rule 59(e) motion in forma pauperis.

ORDERED at Tampa, Florida, on August 10, 2007.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

William Gene Mahood